**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02473-CMA

ROBERT D. GANDY,

     Applicant,

v.

MICHAEL ARELLANO,

     Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 AND DISMISSING ACTION WITH PREJUDICE**

---

This matter is before the Court on Applicant Robert D. Gandy's [Amended]

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed December

5, 2008. (Doc. # 5.)[1] The Application has been briefed and the Court finds that

Mr. Gandy is not entitled to an evidentiary hearing on his claims.

For the reasons stated below, the Application is DENIED and this action is

DISMISSED WITH PREJUDICE.

## I. BACKGROUND

The following facts are contained in the § 2241 Application, Respondent's

Answer, and the attachments thereto.

---

[1] Applicant initially filed an Application for a Writ of Habeas Corpus Pursuant to 28
U.S.C. § 2254. The Court ordered Applicant to file an amended pleading on the proper form
seeking relief under 28 U.S.C. §2241 because Applicant's claims challenged the execution of
his sentence, rather than the validity of his imprisonment. (Doc. # 4.)

Applicant, a state prisoner, is currently incarcerated at the Arkansas Valley Correctional Facility of the Colorado Department of Corrections (CDOC).  On August 19, 2006, he was charged with the disciplinary infraction of "Refusal to Submit to a Drug Test," after he was unable to provide a urine sample to prison officials during a random drug screening.  Answer, Ex. A.  The CDOC Administrative Regulation states that an offender commits the offense of Refusal to Submit to a Drug Test when he "fails or refuses to submit to any test for the unauthorized use of dangerous drugs."  Answer at 16, citing AR 150-1, IV-D, Class I Offenses (17).  Applicant was found guilty of the charge after a prison disciplinary hearing before a three-member board.  Answer, Ex. B. He was sanctioned with thirty days loss of privileges, including gymnasium, north yard, visiting, general library and hobby shop.  *Id.*

Applicant alleges that a medical condition prevented him from providing a urine sample within the time allocated.  He filed an administrative appeal of the disciplinary decision asserting two claims: (1) he did not receive adequate notice that his physical inability to provide a urine sample would subject him to disciplinary sanctions; and, (2) there was insufficient evidence to support his disciplinary conviction.  Answer, Ex. D. After the administrative agency upheld the hearing board's decision, Applicant raised his claims in the state district court pursuant to Colo. R. Civ. P. 106(a)(4).  He further asserted that the hearing board violated his due process rights by precluding him from questioning the physician's assistant about how long it had taken Applicant to produce a urine sample on a prior occasion for medical purposes.  The state district court affirmed

the disciplinary conviction.  Answer, Ex. E.  The Colorado Court of Appeals affirmed the district court judgment as to the claims presented in Applicant's administrative appeal, but declined to address the merits of the additional issue raised by Applicant for the first time in the state court proceeding.  *Id.*

Applicant filed his § 2241 Application on December 5, 2008, challenging his prison disciplinary proceeding as a deprivation of his Fourteenth Amendment due process rights based on the following:  (1) he did not receive adequate notice that his physical inability to provide a urine sample would subject him to disciplinary sanctions; (2) the evidence was insufficient to support his disciplinary conviction; (3) the hearing board precluded Applicant from cross examining the physician's assistant about how long it had taken Applicant to provide a urine sample for medical purposes on a different occasion; and, (4) the hearing board's decision was arbitrary and capricious because the prison disciplinary rule does not define the meaning of "fails to submit" to a drug test, which results in subjective application by prison officials.  Application at 3-4.  For relief, Applicant seeks expungement of the disciplinary conviction from his prison record.  *Id.*  at 6.

The Court finds and Respondents concede that the Application is timely under 28 U.S.C. § 2244(d).  Respondents have declined to assert the affirmative defense of failure to exhaust available state remedies (Doc. # 8), although the Court notes that the defense would appear to apply to one or more of Applicant's claims.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (recognizing that exhaustion of available

administrative remedies is a prerequisite for habeas relief under 28 U.S.C. § 2241, even though the statute does not expressly contain such a requirement).  The Court declines to resolve issues concerning exhaustion of state remedies *sua sponte* because the Application is subject to dismissal on the merits.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (where no credible federal constitutional claim is raised in a prisoner's § 2241 petition, the court may follow the policy of § 2254(b)(2) and dismiss unexhausted claims on the merits).

Respondent argues that the Application must be denied because Applicant has failed to demonstrate that the loss of privileges imposed as a sanction for the disciplinary conviction deprived him of a liberty interest protected by the Fourteenth Amendment Due Process Clause.  The Court agrees with Respondent, for the reasons discussed below, and therefore does not reach Respondent's alternative argument that Applicant's disciplinary hearing comported with the due process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974) and *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).[2]

---

[2]  Respondent also argues that Applicant's claims are barred by res judicata because the claims were resolved in the state court Rule 106(a)(4) proceeding.  However, the Supreme Court has recognized that "[t]he writ of habeas corpus is a major exception to the doctrine of res judicata, as it allows relitigation of a final state-court judgment disposing of precisely the same claims." *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 512 (1982).  Indeed, application of res judicata as urged by Respondent  would effectively eviscerate the remedy of federal habeas corpus because of the requirement that applicants exhaust available state remedies as a prerequisite to relief.

## II.  LEGAL STANDARDS

### A.    TITLE 28 U.S.C. § 2241

Habeas corpus relief is warranted under 28 U.S.C. § 2241 when a prisoner's sentence is being executed in a manner that violates federal law or the Constitution. *See Montez*, 208 F.3d at 865; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (§ 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters).

Applicant's due process claims are grounded, in part, on allegations that he was required to forfeit time deductions to which he was entitled under Colorado's good – and earned – time statutes.  *See Traverse* ("Reply to Respondent's Answer") (Doc. # 17 at 1).  The Colorado Supreme Court's interpretation of Colorado law is binding on the federal habeas court, unless that interpretation violates federal law.  *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Estelle v. McGuire*, 502 U.S. 62, 67-68  (1991); *Bowser v. Boggs*, 20 F.3d 1060, 1064 (10th Cir. 1994).

### B.    *PRO SE* APPLICANT

Applicant is proceeding *pro se*.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III.  ANALYSIS

Applicant claims that he was denied due process in connection with his prison disciplinary proceeding, which resulted in the revocation of his privileges for thirty days. Applicant further asserts in his Traverse that "[w]hile the only sanction imposed by the disciplinary board was a loss of privileges, both good time and earned time were forfeited as a result of the disciplinary proceedings." (Doc. # 17 at 1.)

Due process protections apply only when the State has deprived an individual of a liberty or property interest. *See Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994) ("The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property."). Applicant does not allege that he was deprived of a property interest. A liberty interest may arise from the Constitution itself or it may arise from an expectation or interest created by state laws or policies. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life," *Sandin v. Conner*, 515 U.S. 472, 480 (1995), or if the state action inevitably

will affect the length of the prisoner's confinement, *id.* at 487.

## A.    LOSS OF TIME DEDUCTION CREDITS

Applicant alleges that he forfeited good – and earned – time deductions as a

result of the disciplinary conviction and that the loss of credits "has a direct bearing on

the length of his sentence.  (Doc. # 17 at 1.)  However, there is no information in the

Court's file indicating that Applicant was required to forfeit accrued good – or earned –

time deduction credits because of his disciplinary conviction.  The Disposition of

Charges describes the disciplinary sanction imposed as thirty days loss of privileges.

Answer, Ex. B.  The Court therefore assumes that Applicant is challenging the forfeiture

of an **opportunity** to earn time deductions as a result of the disciplinary action.

An offender has no constitutional right to good – and earned – time credits.

*See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) ("the Constitution itself does not

guarantee good-time credit for satisfactory behavior while in prison"); *Greenholtz v.*

*Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There

is no constitutional or inherent right of a convicted person to be conditionally released

before the expiration of a valid sentence.").  Thus, if Applicant was deprived of a liberty

interest, that interest must arise under state law.

Colorado law has not created a liberty interest in good – or earned – time credits.

Colorado statutes clearly provide that the award of such credits is discretionary.  *See*

COLO.REV.STAT. ("C.R.S.") § 17-22.5-301(4) (2006) ("Nothing in this section shall be

construed as to prevent the department from withholding good time earnable in subsequent periods of sentence, but not yet earned, for conduct occurring in a given period of sentence."); C.R.S. § 17-22.5-302(1) (2006) ("[E]arned time . . . may be deducted from the inmate's sentence . . . .").

CDOC inmates are eligible for good – and earned – time deductions, but the time deductions do not constitute service of sentence. *See Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo. 1999). Instead, the accumulation of good – and earned – time credits determines the inmate's parole eligibility date. *Id.* Only inmates serving sentences for crimes committed on or after July 1, 1979, but before July 1, 1985, are entitled to mandatory parole. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). Applicant does not assert that he is within this category. Prisoners not fitting within the 1979-1985 category "may be granted or denied parole at the discretion of the Parole Board." *Thiret*, 792 P.2d at 805.

The Court finds that the CDOC's discretionary decision to deny Applicant the opportunity to receive good – or earned – time credits as a result of his disciplinary conviction did not inevitably affect the duration of Applicant's sentence, or constitute a major departure from the basic conditions of Applicant's incarceration, so as to implicate a constitutionally protected liberty interest. *See Sandin* 515 U.S. at 485, 487; *Templeman,* 16 F.3d at 370 (denial of discretionary good-time credits does not deprive prisoner of a constitutionally protected liberty interest); *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (where earned time credits are awarded discretionarily under

state law, inmate has no constitutionally-protected liberty interest in earning the credits);

Accordingly, the Court finds that Applicant was not entitled to due process protections in

his prison disciplinary proceeding based on his alleged forfeiture of an opportunity to

earn time deductions.

## B.    LOSS OF PRIVILEGES

Applicants' claim that he was entitled to due process protections in the prison

disciplinary proceeding before prison officials revoked his privileges fairs no better.

Revocation of an inmate's privileges for thirty days as a disciplinary sanction does not

impose an atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life, and therefore does not implicate a constitutionally protected

liberty interest. *Sandin*, 515 U.S. at 485 ("[d]iscipline by prison officials in response to a

wide range of misconduct falls within the expected parameters of the sentence imposed

by a court of law"); *Grossman v. Bruce,* 447 F.3d 801, 806 (10th Cir. 2006) (habeas

petitioner's placement in disciplinary segregation for seven days and restriction time of

thirty days did not implicate a liberty interest and, therefore, petitioner was not entitled

"to the procedural protections set forth in *Wolff*"); *Slack v. Jones*, No. 08-1449, 2009 WL

3166963, at *3 (10th Cir. Oct. 5, 2009) (unpublished)[3] (loss of privileges attendant to

prison disciplinary conviction did not implicate a state-created liberty interest under

*Sandin*); *Kennedy v. Blankenship*, 100 F.3d 640, 642 and n.2 (8th Cir. 1996) (finding no

liberty interest in thirty-day sanction that included restrictions on mail and telephone

---

[3]  A copy of *Slack v. Jones* is attached to this Order.

privileges, visitation privileges, commissary privileges, and personal possession).

Accordingly, the Court finds that Applicant was not entitled to the procedural due process protections set forth in *Wolff* before his privileges were revoked for thirty days.

At this juncture, the Court notes that Applicant's claim potentially arises under both 28 U.S.C. § 2241 and 42 U.S.C. § 1983. The Tenth Circuit has recognized generally that a challenge to a prison disciplinary conviction implicates the execution of a prisoner's sentence and is therefore cognizable under 28 U.S.C. § 2241. *See McIntosh*, 115 F.3d at 811-12 ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters"). However, a constitutional claim for injunctive relief that is based on the conditions of a prisoner's confinement, but does not seek a reduction in the duration of the inmate's sentence, falls outside the "core" of habeas corpus and may be brought under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Slack*, 2009 WL 3166963, at *3 (inmate's claim asserting loss of canteen food, radio, television, and telephone privileges pursuant to prison disciplinary conviction was properly construed as conditions of confinement claim under § 1983). The relief requested by Applicant – expungement of his prison disciplinary conviction which resulted in loss of privileges – does not potentially impact the duration of Applicant's sentence. Thus, to the extent Applicant's request for injunctive relief arises under 42 U.S.C. § 1983, his failure to allege the deprivation of a constitutionally

protected liberty interest precludes relief under that statute, as well as under 28 U.S.C. § 2241.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Applicant Robert D. Gandy's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed December 5, 2008 (Doc. # 5) is DENIED and this civil action is hereby DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c).

DATED:  June ___30___, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge